NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ABC CORPORATION I, ABC CORPORATION II, EBAY, INC.,**
*Plaintiffs*

**HANGZHOU CHIC INTELLIGENT TECHNOLOGY CO., LTD., UNICORN GLOBAL, INC.,**
*Plaintiffs-Appellants*

**v.**

**THE PARTNERSHIP AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", TOMOLOO OFFICIAL, TOMOLOO INE, TOMOLOO FRANCHISE, TOMOLOO-US, TOMOLOO FLAGSHIP, TOMOLOO TC, TOMOLOO DX, TOMOLOO INT, TOMOLOO, ALSO OPERATING STANDALONE WEBSITES AS TOMOLOO.COM AND TOMOLOO-SCOOTER.COM, TOMOLOO-NX, AOXTECH, BETTER TOMOLOO, HGSM STOREFRONT,**
*Defendants*

**GYROOR US, URBANMAX, GAODESHANGUS, FENGCHI-US, GYROOR, ALSO OPERATING STANDALONE WEBSITES AS GYROOR.COM AND GYROORBOARD.COM, HGSM, GYROSHOES,**
*Defendants-Appellees*

**YANJIN-US,**
*Respondent*

————————————

2024-1471, 2024-1472

————————————

Appeals from the United States District Court for the Northern District of Illinois in No. 1:20-cv-04806, Judge Thomas M. Durkin.

————————————

Decided:  August 14, 2025

————————————

RICHARD JOSEPH LAMAR LOMUSCIO, Stinson LLP, New York, NY, argued for plaintiffs-appellants.  Also represented by ADRIANNA MIRELLA CHAVEZ, Phoenix, AZ.

WEI WANG, Glacier Law LLP, New York, NY, argued for defendants-appellees.  Also represented by TAO LIU; TIANYU JU, Pasadena, CA.

————————————

Before PROST, REYNA, and CHEN, *Circuit Judges*.

CHEN, *Circuit Judge*.

Hangzhou Chic Intelligent Technology Co., Ltd. and Unicorn Global, Inc. (collectively, Appellants) sued Urbanmax, Gaodeshang-US, Gyroor-US, Gyroor, Fengchi-US, Gyroshoes, and HGSM (collectively, Appellees) in the United States District Court for the Northern District of Illinois for alleged infringement of design patents related to hoverboards.[1]  The district court granted Appellees' motion for summary judgment of non-infringement, reasoning that the Appellees' hoverboard products were not

_____

[1]    U.S. Patent Nos. D737,723; D738,256; D784,195; and D785,112.

substantially similar to Appellants' design patents. *Hangzhou Chic Intell. Tech. Co. v. Gyroor*, 711 F. Supp. 3d 966, 969 (N.D. Ill. 2024) (*Decision*). We find no reversible error in the district court's determinations and *affirm* its grant of summary judgment of non-infringement.[2]

The district court properly applied this Court's guidance from our prior decision vacating the district court's 2021 preliminary injunction. *See ABC Corp. I v. P'ship & Unincorporated Ass'ns. Identified on Schedule "A"*, 52 F.4th 934, 937 (Fed. Cir. 2022). There, we instructed that "where a dominant feature of the patented design and the accused products—here the hourglass shape—appears in the prior art, the focus of the infringement substantial similarity analysis in most cases will be on other features of the design." *Id.* at 942. Further, "[t]he shared dominant feature from the prior art will be no more than a background feature of the design." *Id.* We specifically noted that U.S. Patent No. D739,906, a prior art reference, "is highly relevant to the question of infringement because it discloses an 'hourglass' shape, a prominent feature common to the asserted patents and most of the accused products." *Id.* at 943.

Consistent with our instructions, the district court compared the design patents' and accused products' remaining elements, including the fender shape, "neck" structure, foot pad designs, and lights. *Decision*, 711 F. Supp. 3d at 971–76.

For example, the district court highlighted the "angular," "mostly flat and only partially curved" appearance of the accused fenders compared to the "curved" appearance of the patented fenders. *Id.* at 971. The court also emphasized the differences in the "necks" of the patented designs,

---

[2]    We also deny Appellees' related motion for sanctions alleging that this appeal is frivolous.

explaining that the lower neck on the accused products "accentuates the greater size of the foot pads." *Id.* In addition to these structural differences, the court identified decorative variations in the lights, foot pad, and neck designs. *Id.* at 971–72.

The district court appropriately examined how the details of each design contributed to the overall visual impression and concluded "[t]hese differently designed features combine to create an overall effect that is not substantially similar to any of the three patents-in-suit, when discounting the dominant hourglass shape." *Id.* at 972.

We have considered Appellants' remaining arguments and find them unpersuasive. For the foregoing reasons, we *affirm*.

**AFFIRMED**